**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No: 8:16-cv-2462-T-30TBM

JESSIE L. REED,

     Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff United States of America's Motion for Summary Judgment (Dkt. 10).  On July 10, 2017, the Court entered an Order to Show Cause directing *pro se* Defendant Jessie L. Reed, who had failed to timely respond to the motion, to file a response by July 21, 2017; otherwise, the Court would assume Reed did not oppose the motion (Dkt. 11).  To date, Reed has failed to file a response, or any other paper.  Accordingly, based on the motion and record evidence, the Court grants Plaintiff's motion and enters final judgment in Plaintiff's favor and against Reed for unpaid income taxes, penalties, and interest associated with tax years 2001-2014.

## BACKGROUND

On August 25, 2016, the United States filed its complaint against Reed, seeking to reduce to judgment Reed's income tax liabilities for tax years 2001-2014.  Reed was served on October 21, 2016, and answered the complaint on November 16, 2016.  In his

answer, Reed admitted that he owed tax liabilities for tax years 2001-2014, but denied that he owed the amount asserted in the complaint.

On March 10, 2017, the United States served its First Requests for Admissions, Set of Interrogatories, and Requests for Documents.  Reed failed to respond to the United States' discovery requests.  The record reflects that on April 17, 2017, the United States sent Reed a letter informing him that: (i) his responses to the discovery requests had not been received; (ii) failure to respond to the requests for admissions means they would be deemed admitted; and (iii) the United States would move for summary judgment if it did not receive responses to the discovery by April 21, 2017.  Reed never responded to the discovery.

The record is undisputed that Reed failed to timely file federal income tax returns for tax years 2001-2014.  A delegate of the Secretary of Treasury made assessments against Reed for federal income tax liabilities, penalties, and interest for tax years 2001-2014.  The Internal Revenue Service ("IRS") issued Reed notices and demands for payment with respect to his tax liabilities for tax years 2001-2014.  The notices and demands for payment were also sent to individuals at the Tax Defense Network because Reed completed paperwork designating a power of attorney and authorizing the IRS to communicate with that representative.

Despite notices and demands for payment, the record is undisputed that Reed has failed to fully pay his tax liabilities for tax years 2001-2014.

The record reflects that on October 13, 2014, Reed submitted a request for an installment agreement to the IRS with respect to tax years 2001-2004.  Reed's request for

an installment agreement to pay his taxes for 2001-2004 was denied on August 24, 2015, and the installment pending code was reversed on that date.

The record reflects that, as of May 2, 2017, Reed owes the United States $438,322.22 in taxes, penalties, statutory additions, and interest for tax years 2001-2014.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id.*

When a motion for summary judgment is unopposed, as it is here, a district court cannot base the entry of summary judgment on the mere fact that there is no opposition, but, rather, must consider the merits of the motion. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *See id.* In addition, so that there can be an effective review of the case on

3

appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Id.*

## DISCUSSION

The Court reaches the merits of the United States' motion and concludes that it should be granted based on the extensive record evidence that establishes Reed's liability for tax years 2001-2014. Notably, federal income tax assessments from the IRS are presumed valid. *See, e.g., Welch v. Helvering*, 290 U.S. 111, 115 (1933); *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989). The submission of Certificates of Assessments, Payments, and Other Specified Matters or Form 4340s is sufficient to trigger this presumption. *See United States v. Korman*, 388 Fed. Appx. 914, 914-15 (11th Cir. 2010). In order to overcome the presumption of correctness, a taxpayer must establish that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. *See Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985).

Although Reed's answer denied the amounts owed that were stated in the complaint, Reed failed to produce any evidence rebutting the presumptive correctness of the assessments made against him. The undisputed material facts establish that a delegate of the Secretary of Treasury assessed the federal income tax liabilities that Reed reported, as well as penalties and interest, for the years at issue. The United States has submitted the Declaration of Revenue Officer Richard Paulsen and Certified Transcripts establishing the amount and existence of the assessments. Accordingly, the IRS assessments are presumed valid.

Moreover, the IRS sent notices of assessment and demands for payment to Reed regarding his tax liabilities. There is nothing in the record that disputes that the notices were mailed to Reed.

Finally, the complaint was filed within the statute of limitations. Reed's tax liabilities, other than for tax year 2001, were each assessed in 2007, or later, and therefore fall well within the 10-year statute of limitations. *See* 26 U.S.C. § 6502(a)(1). For tax year 2001, the record reflects that the statute of limitations was tolled for the period in which Reed's request for an installment agreement was pending. *See* 26 U.S.C. § 6503(a)(1).[1]

In sum, the IRS's assessments for tax years 2001-2014 are presumptively valid and Reed produced no evidence to contradict those assessments. According to Paulsen's Declaration, as of May 2, 2017, Reed owes the United States $438,322.22 in taxes, penalties, statutory additions, and interest for tax years 2001-2014. This tax debt will be reduced to judgment.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      The United States' Motion for Summary Judgment (Dkt. 10) is GRANTED.

2.      The Clerk of Court is directed to enter a Final Judgment in Plaintiff's favor and against Defendant that specifies that Defendant Jessie L. Reed is indebted to Plaintiff United States of America for unpaid federal income tax liabilities for the taxable years 2001-2014, in the total amount of

---

[1] Reed made a request for an installment agreement that was pending from October 13, 2014, to August 24, 2015, a period of 315 days. The 315 days extended the statute of limitations to August 27, 2016. And the complaint was filed on August 25, 2016.

$438,322.22, as of May 2, 2017, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

3.    After entry of Final Judgment, the Clerk of Court shall close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

6